Christopher O. Rivas (SBN 238765)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, California 90071
Telephone: 213.457.8000
Facsimile: 213.457.8080

Attorneys for Defendants
DEL MAR DATATRAC, INC. and
FISERV, INC.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN RESIDENTIAL EQUITIES, LLC,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>DEL MAR DATATRAC, INC and FISERV, INC.,<br><br>　　　　　Defendants. | No.: 08-cv-00545-BEN (POR)<br><br>Assigned to The Honorable Roger Benitez<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF NOTICE OF MOTION AND PARTIAL MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**<br><br>[Filed Concurrently With Notice Of Motion And Partial Motion To Dismiss Complaint]<br><br>Date:　　　　June 23, 2008<br>Time:　　　　10:30 a.m.<br>Courtroom:　　3<br><br>Venue Transferred:　　March 24, 2008 |

## Table of Contents
Page
I. INTRODUCTION ............................................................................................................. 1

II. PROCEDURAL BACKGROUND .................................................................................... 1

III. MATERIAL ALLEGATIONS IN THE COMPLAINT. ................................................... 2

IV. LEGAL ARGUMENT ....................................................................................................... 3

    A. Legal Standard on Motion to Dismiss ................................................................... 3

    B. Fiserv Is Not Liable For The Purported Wrongful Acts Of A Prior Subsidiary Corporation Solely By Virtue Of Its Status As A Parent ..................... 3

    C. Plaintiff's Purported Fraud And Misrepresentation Claims, As Well As Its Statutory FDUTPA Claim, Are Nothing More Than Disguised Claims For Breach Of Contract. .................................................................................... 5

    D. Plaintiff Has Not Pled Fraud With Sufficient Particularity Under Rule 9(b) Of the Federal Rules of Civil Procedure. ......................................................... 6

    E. Plaintiff is Barred under the Contract's Choice of Law Provision From Asserting an FDUTPA Claim ................................................................................. 8

V. CONCLUSION ................................................................................................................. 11

NOTICE OF MOTION AND PARTIAL MOTION TO DISMISS

DOCSLA-15637208.4-CORIVAS

# TABLE OF AUTHORITIES

## CASES

*Aas v. Superior Court*,
  24 Cal. 4th 627 (2000).................................................................................................5

*Balistreri v. Pacific Police Department*,
  901 F.2d 696 (9th Cir. 1988)........................................................................................3

*Bell Atlantic Corp. v. Twombly*,
  127 S. Ct. 1955 (2007).................................................................................................3

*Bing Crosby Minute Maid Corp.*,
  46 Cal. 2d 484 (1956)..................................................................................................3

*Blake v. Dierdorff*,
  856 F.2d 1365 (9th Cir. 1988)......................................................................................7

*Bruns v. Ledbetter*,
  583 F. Supp 1050 (S.D. Cal. 1984)..............................................................................7

*Committee on Children's Television, Inc. v. General Foods Corp.*,
  35 Cal. 3d 197 (1983)..................................................................................................7

*Frances T. v. Village Green Owners Association*,
  42 Cal. 3d 490 (1986)..................................................................................................3

*Gantman v. United Pac. Insurance Co.*,
  232 Cal. App. 3d 1560 (1991)......................................................................................3

*Glen Holly Entertainment, Inc. v. Tektronix, Inc.*,
  100 F. Supp. 2d 1086 (C.D. Cal. 1999).......................................................................6

*Hardee's Food System v. Bennett*,
  1994 U.S. Dist. LEXIS 21596 (S.D. Fla. Mar. 23, 1994)..........................................10

*Ileto v. Glock Inc.*,
  349 F.3d 1191 (9th Cir. 2003)......................................................................................3

*In re Glenfed, Inc. Sec. Litigation*,
  42 F.3d 1541 (9th Cir. 1994)........................................................................................7

*Kaysser v. McNaughton*,
  6 Cal. 2d 248 (1936)....................................................................................................4

*Lundgren v. Sup. Ct.*,
  111 Cal. App. 3d 477 (1980).......................................................................................4

*Merco Const. Engineers v. Municipal Ct.*,
  21 Cal. 3d 724 (1978)..................................................................................................3

*Nedlloyd v. Superior Court*,
  3 Cal. 4th 459 (1992).............................................................................................8, 9

*Robertson v. Dean Witter Reynolds, Inc.*,
   749 F.2d 530 (9th Cir. 1984) ................................................................................................3

*Robinson Helicopter Co., Inc. v. Dana Corp.*,
   34 Cal. 4th 979 (2004) ...................................................................................................5, 6

*Semegen v. Weidner*,
   780 F.2d 7272 (9th Cir. 1981) ............................................................................................7

*Stop Loss Insurance Brokers, Inc. v. Brown & Toland Medical Group*,
   143 Cal. App. 4th 1036 (2006) ........................................................................................5, 6

*Tarmann v. State Farm Mutual Automobile Insurance Co.*,
   2 Cal. App. 4th 153 (1991) ..................................................................................................7

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003) ............................................................................................6

*Warren v. Fox Family Worldwide, Inc.*,
   328 F.3d 1136 (9th Cir. 2003), *cert. denied*, 543 U.S. 1050 (2005) ...................................3

*Washington Mutual Bank v. Superior Court*,
   24 Cal.4th 906 (1994) ..........................................................................................................9

*Weaver v. Atlantian Construction Co.*,
   84 Cal. App. 154 (1927) ......................................................................................................4

### OTHER AUTHORITIES

Fla. Stat. § 501.201 *et seq.* (2005) ................................................................................. passim

Restatement Second of Conflict of Laws § 187(2) ..............................................................9

Rule 9(b) ............................................................................................................................6, 7

Rule 12(b)(6) .........................................................................................................................3

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff American Residential Equities, LLC ("Plaintiff") alleges it entered into a contract with defendant Del Mar Datatrac, Inc. ("Del Mar"), related to the purchase of a software system (the "Contract"). Plaintiff alleges that Del Mar breached the Contract by failing to deliver the promised functionality of the software system.[1] On this basis and no other, Plaintiff also seeks to hold Del Mar's former parent corporation, Fiserv, Inc. ("Fiserv"), responsible as Del Mar's "agent" for Del Mar's alleged conduct (collectively, Fiserv and Del Mar are referred to hereafter as "Defendants"). Although Fiserv was, at one time, Del Mar's parent corporation, this is no longer the case. Moreover, and more important, the law is clear that a parent corporation / share holder cannot be held responsible for the actions of its subsidiary solely on the basis of its status as a parent.

Additionally, the Complaint is deficient on the grounds that it fails to plead the two fraud causes of action (Fraud in the Inducement and Negligent Misrepresentation) with sufficient particularity. This is not surprising, as this is a simple breach of contract case, and not one appropriate for claims of fraud or deceptive practice. In California (and generally), it is black letter law that purely economic losses arising from a contractual breach cannot support tort causes of action. Finally, Plaintiff is barred from asserting its claim under Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), as it agreed in the Contract to be bound by California law and no other.

## II.   PROCEDURAL BACKGROUND

This action was initiated by Plaintiff on January 3, 2008 in the United States District Court for the Southern District of Florida. On February 15, 2008,

---

[1]   Although Plaintiff's allegations are deemed true for purposes of this Motion, Defendants generally deny them.

Defendants moved the United States District Court for the Southern District of Florida for an order transferring venue of this action to the United States District Court for the Southern District of California. Defendants' motion was granted on March 12, 2008, and the action was ordered transferred to the United States District Court for the Southern District of California. The venue transfer was effectuated on March 24, 2008. Pursuant to the parties' joint motion, dated April 11, 2008, and this Court's order on the motion, entered April 14, 2008, Defendants' response to the Complaint is due on April 28, 2008.

### III.  MATERIAL ALLEGATIONS IN THE COMPLAINT.

Plaintiff alleges that it entered into the Contract with Del Mar on or about September 27, 2006, for the purchase of a software system for various items performed in connection with the servicing of mortgage loans. (Compl. at ¶ 16, and Ex. A.) The total contract amount was valued $89,680. (Compl. at Ex. A.) Allegedly, Del Mar promised in contract negotiations in the months preceding the Contract that the software system would allow Plaintiff to "board" information on the system to its loan servicing companies and to download daily updates regarding the loan servicing from those same servicing companies. (Compl. at ¶¶ 9, 13.) The Complaint alleges that Del Mar made "representations" that its software system could perform these services, but that the system allegedly never did. (Compl. at ¶ 18.) The Complaint additionally alleges that the delivered software system supposedly breached other contractual promises, including that it would be "user-friendly and . . . little training would be required." (Compl. at ¶ 21.) Rather than fixing these alleged contractual deficiencies, the Complaint contends that Del Mar "ignored" Plaintiff's requests, (Complaint, ¶ 23). The Complaint further alleges that a letter to Plaintiff on "Fiserv" letterhead, enclosing past due Del Mar's invoices, was sent to Plaintiff requesting payment for the software. (Complaint, ¶ 24.)

## IV. LEGAL ARGUMENT

### A. Legal Standard on Motion to Dismiss

In ruling on a Rule 12(b)(6) motion, the Court need not accept as true conclusory allegations or legal characterizations cast in the form of factual allegations. *Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003); *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003), *cert. denied*, 543 U.S. 1050 (2005). Dismissal is required where there is no cognizable legal theory, or where there is an absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacific Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984). Moreover, as the Supreme Court recently held in *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007), "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions" and Plaintiff's allegations "must be enough to raise a right to relief above the speculative level." (citations omitted).

For the reasons set forth below, Defendants respectfully request that this Court dismiss Plaintiff's entire Complaint as against Fiserv, and Plaintiff's claims for Fraud in the Inducement, Negligent Misrepresentation and violation of the FDUTPA as against Del Mar.

### B. Fiserv Is Not Liable For The Purported Wrongful Acts Of A Prior Subsidiary Corporation Solely By Virtue Of Its Status As A Parent

A corporation and its shareholders are deemed separate entities and the shareholders generally are not liable for the corporation's alleged wrongful acts. *Frances T. v. Village Green Owners Ass'n*, 42 Cal. 3d 490, 508 (1986); *Bing Crosby Minute Maid Corp.*, 46 Cal. 2d 484, 487 (1956); *see also Merco Const. Engineers v. Municipal Ct.*, 21 Cal. 3d 724, 729 (1978) (a corporation is a legal person or entity recognized as having an existence separate from its shareholders); *Gantman v. United*

1 *Pac. Ins. Co.*, 232 Cal. App. 3d 1560, 1566 (1991) (corporation and shareholders are
2 distinct parties in contract). Thus, a shareholder of a private corporation is not itself
3 liable, solely by reason of its stock ownership, for the alleged obligations or wrongful
4 acts of the corporation. *Kaysser v. McNaughton*, 6 Cal. 2d 248, 251-55 (1936) ("the
5 stockholder is liable in the aggregate for his proportion of all debts and liabilities of
6 the corporation contracted while he was a stockholder, and no more."); *see also*
7 *Lundgren v. Sup. Ct.*, 111 Cal. App. 3d 477, 487 (1980). Absent fraud or some type
8 of personal guarantee or personal contractual obligation, the shareholders cannot be
9 held personally liable for alleged wrongful acts of a corporation in which they simply
10 own shares. *Weaver v. Atlantian Construction Co.*, 84 Cal. App. 154, 160 (1927).

11 Here, the Contract was entered by and between Plaintiff and Del Mar. Fiserv
12 was not alleged to be a signatory to the Contract, nor did the Complaint allege that any
13 Fiserv representatives were involved in the Contract negotiations or provision of
14 service. Rather, the only allegations as against Fiserv are (1) a conclusory allegation
15 that Del Mar acted as its "agent", and (2) that a letter on Fiserv letterhead was
16 transmitted to Plaintiff about amounts past to due on Del Mar invoices. Neither
17 allegation, by itself, is sufficient to give rise to any theory of liability against Del Mar.
18 This is particularly so with regard to the fraud claims, which, as described below,
19 must be pled with particularity. In short, Fiserv cannot be held liable for the purported
20 wrongful acts of Del Mar solely by virtue of its status as a former parent
21 corporation/shareholder of Del Mar. Plaintiff provides no basis to support a
22 conclusion that Del Mar acted as Fiserv's "agent." The referenced letter simply notes
23 the corporate group name, but requests payment to Del Mar of Del Mar bills. Plaintiff
24 provides no legal support for the claim that this demonstrates agency, nor can it.
25 Therefore, Defendants respectfully request that this Court dismiss Fiserv from this
26 action, in its entirety.

**C. Plaintiff's Purported Fraud And Misrepresentation Claims, As Well As Its Statutory FDUTPA Claim, Are Nothing More Than Disguised Claims For Breach Of Contract.**

The purported fraud and negligent misrepresentation claims, and the FDUTPA claim, fail against both parties because they are premised on allegations of what is, in essence, a breach of contract claim. Plaintiff claims fraud based on the same allegations raised as a breach of contract -- that Del Mar failed to deliver a software system that could perform certain allegedly promised functions, *e.g.*, weekly boarding of information with Plaintiff's loan servicers and daily downloads of information from the same services. (Compl. at ¶ 13.) Plaintiff alleges nothing more than that Del Mar promised to perform certain acts, and promised that its software system would have certain capabilities, but that these contractual acts were not performed and these system capabilities not delivered. It is on this basis alone that Plaintiff seeks to recover tort damages. These alleged acts (which, as noted above, Del Mar disputes) amount to nothing but an allegation that Del Mar breached the Contract.

It is well established that a breach of contract claim cannot as a matter of law give rise to a tort claim. *See, e.g., Stop Loss Ins. Brokers, Inc. v. Brown & Toland Medical Group*, 143 Cal. App. 4th 1036, 1042-43 (2006) (negligent breach of a contract is not a sufficient basis for tort liability as between two business parties in arms-length dealings); *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 988 (2004) (fraud claims do not provide a remedy for a breach of contract); *Aas v. Superior Court*, 24 Cal. 4th 627, 643 (2000) ("[a] person may not ordinarily recover in tort for the breach of duties that merely restate contractual obligations").

This rule, commonly called the economic loss rule, requires "a purchaser to recover [solely] in contract for purely economic loss due to disappointed expectations, <u>unless</u> he can demonstrate harm above and beyond a broken contractual promise...." *Stop Loss Ins Brokers*, 143 Cal. App. 4th at 1042-43 (emphasis added).

The rule applies to bar even intentional fraud claims if the plaintiff's injury is based in contract and, hence, is economic. *Id.* As *Robinson Helicopter* explained, if the purported fraud claim is not extraneous of or independent of the contract claim, then a fraud claim will not lie. *See id.* at 988-89.

Here, the tort claims are neither extraneous nor independent of the contract claim. All of Plaintiff's alleged injuries are grounded in a Contract that was negotiated at arms-length by and between two sophisticated commercial parties. Since Plaintiff's alleged injuries are wholly economic, the economic loss rule bars the each of Plaintiff's three tort claims. Regardless how Plaintiff characterizes it, this suit is one of contract, and as such, contract law, not tort law, is the proper medium to resolve this case. Plaintiff's claims for Fraud in the Inducement, Negligent Misrepresentation, and violation of the FDUTPA should therefore be dismissed, without leave to amend.

### D. Plaintiff Has Not Pled Fraud With Sufficient Particularity Under Rule 9(b) Of the Federal Rules of Civil Procedure.

Even if a tort claim could be made independently of the contract breach allegations, Plaintiff has not done that here. "Claims for fraud and negligent misrepresentation must meet the heightened pleading requirements of Rule 9(b)." *Glen Holly Entm't, Inc. v. Tektronix, Inc.*, 100 F. Supp. 2d 1086, 1093 (C.D. Cal. 1999). Plaintiff's fraud allegations, upon which its Fraud in the Inducement and Negligent Misrepresentation claims are based, fail to meet this requirement.

To plead with particularity under Rule 9(b), a plaintiff's allegations must be "accompanied by the who, what, when, where, and how of the misconduct charged. [Additionally,] a plaintiff must set forth what is false or misleading about a statement, and why it is false." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal citations and quotations omitted). Thus, even if the speaker, time, and place are alleged, a pleading will still fail if it does not specify *how* the alleged representations were false when they were made. "The time, place, and content of an

alleged misrepresentation may identify the statement or the omission complained of, but these circumstances do not 'constitute' fraud. The statement in question must be false to be fraudulent." *In re Glenfed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547-48 (9th Cir. 1994); *see also Blake v. Dierdorff*, 856 F.2d 1365, 1369 (9th Cir. 1988) (requiring that plaintiff set forth "specific descriptions of the representations made, [and] the reasons for their falsity").

Moreover, to sufficiently allege an element of misrepresentation against a corporate defendant, a plaintiff must identify the specific individuals within a defendant's organization who purportedly made the misstatements to them, his authority to speak on behalf of the corporation, when the representation was made and the substance of the representation. *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal. App. 4th 153, 157 (1991). The pleading requirement for fraud is heightened because "allegations of fraud involve a serious attack on character, . . . [and] fairness to the defendant demands that [it] should receive the fullest possible details of the charge in order to prepare [its] defense." *Committee on Children's Television, Inc. v. General Foods Corp.*, 35 Cal. 3d 197, 216 (1983). When suing multiple defendants, Rule 9(b) also requires particular averments regarding each defendant's participation in the alleged fraudulent scheme. *See, e.g., Semegen v. Weidner*, 780 F.2d 7272, 731 (9th Cir. 1981); *Bruns v. Ledbetter*, 583 F. Supp 1050, 1051-52 (S.D. Cal. 1984).

Plaintiff's fraud allegations do not even come close to meeting this heightened pleading requirement. Plaintiff falls far short of providing any details of the who, what, when, where and how that would support any fraud or misrepresentation claim. Plaintiff never alleges specifically when either of the Defendants made any alleged misrepresentation or how the misrepresentations were made (by phone, in person, via email, or by letter). And, importantly, it never alleges, except in the most conclusory sense, that either of the Defendants acted with any intent to defraud Plaintiff, or what specific conduct of each Defendant, exactly, was fraudulent. This Court should disregard Plaintiff's conclusory legal assertions, since

the facts alleged in the Complaint sound in breach of contract and not fraud. Thus, Plaintiff's claims for Fraud in the Inducement and Negligent Misrepresentation should be dismissed.

### E. Plaintiff is Barred under the Contract's Choice of Law Provision From Asserting an FDUTPA Claim

Last, but not least, Plaintiff's purported Florida statutory claim under the FDUTPA is precluded by the choice of law provision contained in the End User License Agreement ("EULA"), which Plaintiff itself admits is part of the Contract.2 (*See* Compl. at Ex. A.) Pursuant to the EULA, the Contract and claims thereunder are "governed by and enforced solely and exclusively in accordance with the laws of the State of California, USA, without giving effect to its conflict of law provisions or [ARE's] actual state of residence." (*Id.*) As such, Plaintiff agreed to enforce its claims relating to the Contract using <u>exclusively</u> California's remedies. Plaintiff initially brought this action (improperly) in a Florida court and it sued Defendants under a Florida statute. This action is now pending before a California court, as it should have from the start, and California law should apply. Plaintiff's Florida statutory claim under the FDUTPA is wholly inappropriate.

The California Supreme Court more strictly holds commercial parties to their contractual choice of law where the parties have contracted to apply a chosen state's laws. *See Nedlloyd v. Superior Court*, 3 Cal. 4th 459, 468 (1992) ("[w]hen two sophisticated, commercial entities agree to a choice-of-law clause like the one in this case, the most reasonable interpretation of their actions is that they intended for the clause to apply to all causes of action arising from or related to their contract.") Here, Plaintiffs and Del Mar are sophisticated commercial entities that bargained for this contractual choice of law, and, as such, Plaintiff should be held to its bargain and

---

2   The Southern District of Florida agreed that the EULA comprised part of the Contract when it transferred venue of this case to this Court on the basis of the EULA's forum selection clause. (*See* March 13, 2008, Order at pp. 3-4.)

1  Plaintiff's Florida claim should be dismissed.

2  Under California law, to the extent that there is a conflict of laws, the
3  enforcement of contractual choice of law provisions, even those in "consumer
4  adhesion contracts," is governed by Section 187, subdivison (2) of the Restatement
5  Second of Conflict of Laws (the "*Restatement*"). *Washington Mutual Bank v.*
6  *Superior Court*, 24 Cal.4th 906, 916-918 (1994).   As the California Supreme Court
7  explained in *Nedlloyd*:

> "[T]he proper approach under the Restatement is for the court first to determine either:  (1) whether the chosen state has a substantial relationship to the parties or their transaction, or (2) whether there is any other reasonable basis for the parties' choice of law.  If neither of these tests is met, that is the end of the inquiry and the court need not enforce the parties' choice of law.  If, however, either test is met, the court must next determine whether the chosen state's law is contrary to a fundamental policy of California. If there is no such conflict, the court shall enforce the parties' choice of law.  If, however, there is a fundamental conflict with California law, the court must then determine whether California has a 'materially greater interest than the chosen state in the determination of the particular issue . . . If California has a materially greater interest than the chosen state, the choice of law shall not be enforced, for the obvious reason that in such circumstance we will decline to enforce a law contrary to this state's fundamental policy."

18  3 Cal. 4th at 466.

19  Turning to the first prong of this analysis, Plaintiff admits that Del Mar --
20  the signatory to the Contract -- is incorporated and has its principal place of business
21  in California. (Compl. at ¶ 2.)  For this reason alone, California has a substantial
22  relationship to the parties.  *Id.* at 467 (a party's incorporation in a state is sufficient to
23  allow the parties to choose that state's law to govern their contract).  Moreover,
24  Plaintiff agreed in the Contract that its place of residence, Florida, would not be
25  considered in any conflict of laws analysis. (Compl. at Ex. A, EULA.)

26  Turning to the second prong of the choice of law analysis under the
27  *Restatement*, it is not contrary to a fundamental policy of California to apply
28  California law to Plaintiff's substantive claims, nor does Florida have a materially

greater interest in the determination of this case than California (as evidenced by the fact that a Florida court ordered this case transferred to California). Indeed, Florida recognizes that a contractual choice of law provision that opts for protection under another state's laws precludes a plaintiff from seeking relief under the FDUTPA. In *Hardee's Food Sys. v. Bennett*, 1994 U.S. Dist. LEXIS 21596, *11-16 (S.D. Fla. Mar. 23, 1994), the court held, with respect to two commercial parties to a franchise agreement, "[w]hen the parties to a contract have indicated their intention as to the law which is to govern, it [the contract] will be governed in accordance with the intent of the parties [and, thus the] law chosen in the contract itself will be applied so long as there is a reasonable relationship between the contract and the state whose law is selected and the selected law does not conflict with Florida law or confer an advantage on a non-resident party which a Florida resident does not have." (internal citations omitted). The *Hardee's* court, finding "no evidence of fraud or unequal bargaining power" between the parties therefore upheld the parties choice of law provision electing North Carolina law, and dismissed the plaintiff's FDUTPA claim. (*Id.*)

In sum, the factors weigh heavily in favor of applying California law. First, Del Mar and Plaintiff, two sophisticated commercial parties, entered into an arms-length agreement electing California law over all others. Second, Del Mar is a California corporation doing business in California. Finally, this case sits before a California court after having been ordered transferred from a Florida court pursuant to Del Mar and Plaintiff's Contract. Plaintiff simply cannot demonstrate how in these circumstances the public policy of Florida would be thwarted by the enforcement of a California choice of law provision. Therefore, this Court should dismiss Plaintiff's FDUTPA claim, without leave to amend.

///
///
///
///

## V. CONCLUSION

For the reasons stated above, Defendants respectfully request that (1) Fiserv be dismissed from this action, and (2) Plaintiff's Fraud in the Inducement, Negligent Misrepresentation, and FDUTPA claims be dismissed.

DATED: April 28, 2008         REED SMITH LLP

By   s/ Christopher O. Rivas
Christopher O. Rivas
Attorneys for Defendants
DEL MAR DATATRAC, INC,
AND FISERV, INC.
crivas@reedsmith.com

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. I am employed in the office of a member of the bar of this court at whose direction the service was made. My business address is REED SMITH, 355 South Grand Avenue, Suite 2900, Los Angeles, CA 90071. On April 28, 2008, I served the following document(s) by the method indicated below:

*MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF NOTICE OF MOTION AND PARTIAL MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)*

☐ by transmitting via facsimile on this date from fax number 213.457.8080 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 p.m. and was reported complete and without error. The transmission report, which is attached to this proof of service, was properly issued by the transmitting fax machine. Service by fax was made by agreement of the parties, confirmed in writing.

☒ by causing the document(s) listed above to be placed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service (*via UPS*) for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below. A copy of the consignment slip is attached to this proof of service.

☐ by transmitting via e-mail to the parties at the email addresses listed below:

**SEE ATTACHED SERVICE LIST**

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on April 28, 2008, at Los Angeles, California.

*[signature]*
Arthur Escalante

- 1 -

PROOF OF SERVICE

<u>SERVICE LIST</u>

*American Residential Equities, LLC,*
*v.*
*Del Mar DataTrac, Inc. and FISERV, Inc.*
Case No. 08-cv-00545-BEN (POR)

| <u>SERVED ELECTRONICALLY</u> | <u>SERVED BY U.S. MAIL</u> |
|---|---|
| NO CM/ECF FILERS | *<u>Counsel for Plaintiff</u>* |
| | Christopher J. Greene, Esq. |
| | **BRANT, ABRAHAM, REITER,** |
| | **MCCORMICK & GREENE, P.A.** |
| | 50 North Laura Street |
| | Suite 2750 |
| | Jacksonville, FL  32202 |
| | *<u>Former Counsel for Defendants</u>* |
| | Adam D. Palmer, Esq. |
| | **SCHOEPPL & BURKE, P.A.** |
| | 4651 North Federal Hwy. |
| | Boca Raton, FL  33431-5133 |

DOCSLA-15635889.1

- 2 -
PROOF OF SERVICE