Christopher O. Rivas (SBN 238765)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, California 90071
Telephone: 213.457.8000
Facsimile: 213.457.8080

Attorneys for Defendants
DEL MAR DATATRAC, INC. and
FISERV, INC.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN RESIDENTIAL EQUITIES, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>DEL MAR DATATRAC, INC and FISERV, INC.,<br><br>Defendants. | No.: 08-cv-00545-BEN (POR)<br><br>Assigned to The Honorable Roger Benitez<br><br>**REPLY IN SUPPORT OF PARTIAL MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**<br><br>Date: August 11, 2008<br>Time: 10:30 a.m.<br>Courtroom: 3<br><br>Venue Transferred: March 24, 2008 |

## I. INTRODUCTION

The motion opposition by Plaintiff American Residential Equities ("Plaintiff") confirms what is already apparent from its Complaint: Plaintiff improperly seeks to recast a simple claim for breach of contract into claims for intentional torts. The statements upon which Plaintiff claims to have relied (*see* Complaint ¶¶ 10-13) are all items allegedly promised under the contract. The alleged failure to meet these promises -- which is strenuously denied -- at most would give rise to a contractual breach. As nothing more is alleged, no fraud claim exists.

Moreover, Plaintiff has yet to show any basis for holding the overall corporate parent Fiserv, Inc. responsible for the actions of Del Mar Datatrac, Inc. (respectively, "Fiserv" and "Del Mar" and collectively, "Defendants"). Merely calling a parent company an "agent" does not make it so, and flies in the face of basic principles of corporate law. Plaintiff's sole basis for its agency claim is a letter that references Fiserv Lending Solutions, of which Del Mar was part that nowhere references Fiserv, Inc. Moreover, as to the fraud claims in particular, the requirements of Rule 9(b) require that Plaintiff plead all particular facts as to *each* defendant, so that *each* defendant can properly defend itself. By lumping together Fiserv and Del Mar, without explaining the precise conduct attributable to each, Plaintiff has rendered it impossible for each Defendant to understand the allegations against it and adequately answer and defend.

## II. LEGAL ARGUMENT

### A. Plaintiff Concedes that the FDUTPA Claim is Barred by the Contract's Choice of Law Provision

Plaintiff states in its opposition that it "will not address Defendants' argument that [Plaintiff's] FDUTPA claim should be dismissed based upon the contractual choice-of-law provision within the parties' Sales Agreement." (Opposition at p. 2, n.2.) Plaintiff thus concedes that its statutory Florida claim is barred by the parties' express contractual agreement to use California's remedies exclusively. *See Nedlloyd*

*v. Superior Court*, 3 Cal. 4th 459, 468 (1992) (enforcing similar choice-of-law provisions). Accordingly, Plaintiff's FDUTPA claim should be dismissed with prejudice.

### B. Plaintiff's Breach of Contract Allegations Do Not Give Rise to A Claim For Fraud

Plaintiff's response makes clear that it alleges nothing more than a breach of the express terms of the Contract. Under its own cases, this does not make out any claim sounding in tort. *See, e.g., Harris v. Atl. Richfield Co.*, 14 Cal. App. 4th 70, 78 (1993) (fraud in the formation of a contract may gives rise to a separate tort only where a party knowingly withholds presently knowable and material information that is not part of the contractual promise, citing as an example, a case where a broker knowingly withholds disclosure of termite damage to a home purchaser); *Belleville Nat. Bank v. Rose*, 456 N.E.2d 281, 283 (Ill. App. Ct. 1983) ("[f]raud in the inducement . . . exists [only] where 'the party fully understands what he is signing, and is aware of the nature and character of the instrument executed by him, but is deceived by fraudulent representations as to the facts *outside the face of the instrument itself*.") (emphasis added and internal quotations removed). *See also Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 993 (2004) (holding that fraud exceptions to the economic loss rule are to be interpreted "narrow[ly] in scope" and *only* where the fraud "expose[s] a plaintiff to liability for *personal damages* independent of the plaintiff's economic loss") (emphasis added).

Here, Del Mar is not alleged to have misrepresented the terms of the contract. The terms are what they are. Rather, Del Mar allegedly failed to deliver on express contractual promises made to Plaintiff (e.g., customize software, enable weekly boarding of GMAC information). (*See* Opposition at p.2). In other words, Del Mar allegedly breached the express terms of the Contract.

Plaintiff argues that because these express contractual terms were negotiated between the parties before executing the Contract, Del Mar's alleged breach is also

therefore fraud in the inducement. Using Plaintiff's logic, the breach of any contract term that was negotiated prior to entering the contract (as most material contract terms are) would also give rise to a fraudulent inducement claim. This argument leads to an absurd result -- the breach of any negotiated terms would be tantamount to "fraud." This Court should look beyond the labels Plaintiff places on its claims and should dismiss Plaintiff's "Fraud in the Inducement" and "Negligent Misrepresentation" claims as nothing more than disguised breach of contract claims.[1]

C.  **Del Mar is not Fiserv's Agent, and Plaintiff's Fraud Allegations Lack Sufficient Particularity as Against Defendant Fiserv**

Nowhere in Plaintiff's Complaint or its Opposition does Plaintiff provide any facts to support its claims against defendant Fiserv, Inc. Notably, Plaintiff identifies a letter attached to its Complaint, which purportedly shows that Fiserv, Inc. sent a "dunning" letter to Plaintiff. (Complaint, Ex. B.) The letter states no such thing. The letter reveals only that its author, Joan Finnessy, identified herself as the Chief Financial officer of Del Mar DataTrac, and the letterhead and signature line state that the letter was sent from "Fiserv Lending Solutions," *not* Fiserv, Inc. Plaintiff has no basis to bring its claims against Fiserv.

Moreover, Plaintiff's bare (and factually inaccurate) agency allegations against Fiserv do not support Plaintiff's fraud claims. Rule 9(b) has been held not to permit the pleading of conclusory agency claims. *See, e.g., Valdez v. Downey S&L Ass'n,*

---

[1] It is even more clear that the negligent misrepresentation claims are barred by the economic loss rule, as that rule bars all actions sounding in *negligence* for recovery of solely economic losses where there are no damages sustained beyond those attributable to a contract breach. *See Astrium S.A.S. v. TRW, Inc.*, 197 Fed. Appx. 575 (9th Cir. Cal. 2006) (barring claims for negligent misrepresentation where there was no additional exposure beyond economic (contractual) loss); *Lincoln Gen. Ins. Co. v. Access Claims Adm'rs, Inc.*, 2007 U.S. Dist. LEXIS 67172 at *23 (E.D. Cal., Aug. 29, 2007) (claims for "negligence and negligent misrepresentation -- are barred by the economic loss rule", particularly where such claims "closely parallel those made" regarding the alleged breach of contract); *Ventura County National Bank v. Macker*, 49 Cal. App. 4th 1528, 1531 (1996) ("[n]egligent misrepresentation is born of the union of negligence and fraud . . . [i]f negligence is the mother and misrepresentation the father, it more closely resembles its mother").

2007 U.S. Dist. LEXIS 31290 at *23-24 (N.D. Cal. Apr. 16, 2007) (holding plaintiff's "fraud claims against [alleged principal] for direct liability are not sufficiently specific to meet the heightened pleading requirement of Rule 9(b)"). When suing multiple defendants, Rule 9(b) requires particular averments regarding *each* defendant's participation in the alleged fraudulent scheme. *See, e.g., Semegen v. Weidner*, 780 F.2d 7272, 731 (9th Cir. 1981); *Bruns v. Ledbetter*, 583 F. Supp 1050, 1051-52 (S.D. Cal. 1984).

Here, with respect to the fraud claims, it is not sufficient to state that Del Mar acted as Fiserv's "agent." Every "misrepresentation" identified in the Opposition was allegedly made by Del Mar, not Fiserv. Plaintiff has alleged no specific facts whatsoever to suggest that Fiserv authorized, ratified, or was even aware of the so-called "misrepresentations" allegedly made by Del Mar to Plaintiff. With respect to Fiserv, Plaintiff has stated none of the required details regarding the "who, what, when, where, and how" of the alleged fraud to state a claim for relief. Plaintiff's bare agency allegations against Fiserv clearly do not satisfy Rule 9's particularity requirements. Therefore, Plaintiff's claims should be dismissed with prejudice as to defendant Fiserv.

## III.   CONCLUSION

For the reasons stated above, Defendants respectfully request that (1) Fiserv be dismissed from this action, and (2) Plaintiff's Fraud in the Inducement, Negligent Misrepresentation, and FDUTPA claims be dismissed.

DATED: July 21, 2008                REED SMITH LLP

By  /s/ Christopher O. Rivas
Christopher O. Rivas
Attorneys for Defendants
DEL MAR DATATRAC, INC,
AND FISERV, INC.
crivas@reedsmith.com

DOCSLA-15648415.3

- 4 -
REPLY IN SUPPORT OF PARTIAL MOTION TO DISMISS

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2008, I electronically filed the foregoing document (*Reply in Support of Partial Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(B)(6)*) with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Robert L. Hill, Esq.
rhill@shufirm.com

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

N/A

/s/ Christopher O. Rivas
Christopher O. Rivas
crivas@reedsmith.com

DOCSLA-15648731.1